IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**BRYAN L. BRITTON,**

  **Plaintiff,**

v.                CASE NO. 6:12-cv-01347

**MICHAEL J. ASTRUE[1],**
**Commissioner of Social Security,**

  **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are cross-motions for judgment on the pleadings.

Plaintiff, Bryan L. Britton (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on February 19, 2010, alleging disability as of October 7, 2008, due to severe impairments of degenerative disc disease of the lumbar and cervical spine with chronic pain, status-post multiple hernia repairs with residual pain and neuralgia, hearing loss, depression (variously diagnosed as major depressive disorder, mood disorder, dysthymic disorder), anxiety, antisocial personality disorder and personality trait disturbance with obsessive compulsive

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d)(1) and 2 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

1

features (ECF. No. 11). The claims were denied initially and upon reconsideration (Tr. at 128-132, 133-137). On October 5, 2010, Claimant requested a hearing before an Administrative Law Judge ("ALJ") (Tr. at 148-149). The hearing was held on August 2, 2011, before ALJ John W. Rolph. Claimant appeared via video conference from Parkersburg, West Virginia. The ALJ stated he would "hold the record open initially 20 days in order to receive those records and take under advisement [Claimant's] request for an additional consultative exam" (Tr. at 54-55). Claimant submitted additional evidence to the ALJ on August 26, 2011. By decision dated August 30, 2011, the ALJ determined that Claimant was not entitled to benefits (Tr. at 18-39). On September 22, 2011, Claimant requested a review of the ALJ's decision (Tr. at13). On March 6, 2012, the Appeals Council incorporated the additional evidence submitted by Claimant as part of the record (Tr. at 5). On March 6, 2012, the ALJ's decision was adopted as the final decision by the Appeals Council (Tr. at 1-2). On April 30, 2012, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g) (ECF No. 2). Presently pending before the Court are Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 11), Brief in Support of the Defendant's Decision (ECF No. 12) and Plaintiff's Response to Objections (ECF No. 13).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant applying for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2012). If an individual is found "not

disabled" at any step, further inquiry is unnecessary. *Id*. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id*. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id*. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id*. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id*. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2012). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date (Tr. at 20). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease of the lumbar and cervical spine with chronic pain; status-post multiple hernia repairs with residual pain and neuralgia; hearing loss; depression (variously diagnosed as

major depressive disorder, mood disorder, dysthymic disorder), anxiety, antisocial personality disorder and personality trait disturbance with obsessive compulsive features (Tr. at 21). At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 26). The ALJ then found that Claimant has a residual functional capacity ("RFC") for light work, reduced by nonexertional limitations (Tr. at 28). As a result, Claimant cannot return to his past relevant work (Tr. at 36). The ALJ concluded that Claimant could perform jobs such as price marker, delivery worker, machine feeder and document preparer (Tr. at 38). On this basis, benefits were denied. (*Id.*)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

Claimant's Request for Remand or Reversal

In a letter to the Appeals Council dated December 30, 2011, Claimant asserted that records from his treating physician for pain, Anil J. Patel, M.D., were new and material. Additionally, Claimant asserted that the ALJ erroneously relied on the opinion of a consultative examination, when the opinion was not based on a review of the entire record. Claimant averred that the ALJ failed to fulfill his duty to develop the record by failing to order an updated physical consultative examination[2] (Tr. at 342). Consequently, Claimant requested a reversal or remand for further proceedings. (*Id.*) In response to Claimant's assertions listed above, the Commissioner argues that Dr. Patel's treatment records do not warrant remand because they were neither new nor material (ECF No. 12).

In considering Claimant's arguments, the Court notes initially that the social security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991). Where there is new medical evidence, the Court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. *Melkonyan*, 501 U.S. at 98.

---

[2] Claimant also makes these assertions in Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 11) and Plaintiff's Response to Objections (ECF No. 13).

5

<mark/>
<mark/>
<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985).[3] In *Borders*, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. *Id.*

Relevant and Material

An understanding of Claimant's arguments on the new and material evidence issue is necessary for an appreciation of the requests for remand or reversal. Claimant noted at the beginning of the hearing that he was still awaiting additional records from a treating physician

---

[3] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in *Borders* provides the proper test in this circuit for remand of cases involving new evidence. This Court will apply the standard set forth in *Borders* in accordance with the reasoning previously expressed in this district:

> The Court in *Wilkins v. Secretary of Dep't of Health & Human Servs.*, 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent *Borders* four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, *Borders* has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that *Borders'* construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry.

*Brock v. Secretary, Health and Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992) (citations omitted).

(Tr. at 52). Claimant requested an additional consultative examination, pointing out that of Claimant's five consultative examinations included in the record as exhibits, only one was a physical consultative examination performed after the disability onset date of October 7, 2008 (Tr. at 54).

The additional evidence submitted by Claimant consists of treatment notes from Dr. Patel dated April 1, 2010, April 15, 2010, April 21, 2010, April 29, 2010, May 13, 2010 and October 7, 2010 (Tr. at 347-360). The evidence submitted includes the placement of nerve blocks, physical examinations, pain questionnaires regarding Claimant's back and groin pain and positive results of limitation in straight leg raises.[4] (*Id.*)

Claimant argues that the additional evidence from Dr. Patel is relevant and material because it demonstrates that Claimant's physical abilities are limited by his back and groin medical conditions and the resulting pain. Claimant asserts that the additional evidence illustrates more aggressive pain treatments, such as epidural nerve blocks in lumbar levels T 11-12 and L 5-S1. Claimant argues the additional evidence is relevant and material to the extent that under *Borders* the ALJ's decision might have been different had the new evidence been considered (ECF No. 11). The Commissioner argues that additional evidence is not material because Dr. Patel did not indicate that Claimant was disabled or unable to return to work. Additionally, the Commissioner argues that the additional evidence is not new because they were submitted on August 26, 2011, four days prior to the ALJ's decision (ECF No. 12).

---

[4] The straight leg raise is a test done during a physical examination to determine whether a patient with low back pain has an underlying herniated disc, often located at the fifth lumbar spinal nerve (L5). If the patient experiences sciatic pain when the straight leg is at an angle between 30 and 70 degrees, then the test is positive and a herniated disk is likely to be the cause of the pain. See, United States Library of Medicine/National Institutes of Health, http://www.ncbi.nlm.nih.gov (last visited August 23, 2013).

The ALJ relied on two physical consultative examinations (CE), both of which were performed by state agency physicians (Tr. at 21). One physical CE was conducted by Stephen B. Nutter, M.D., on September 11, 2008 (Tr. at 467-470). The second physical CE was conducted by Rakesh Wahi, M.D., on April 29, 2010 (Tr. at 692-695). Dr. Nutter's examination took place prior to Claimant's disability onset date of October 7, 2008. Dr. Wahi's examination was performed on April 29, 2010, 16 months prior to the administrative hearing.

Dr. Nutter's evaluation on September 11, 2008, noted that Claimant had "normal range of motion of cervical spine" and that the Claimant's straight leg raise test was normal (Tr. at 694). On April 29, 2010, and May 13, 2010, Dr. Patel's notes state that Claimant's straight leg raising tests were positive (Tr. at 356, 358).

Dr. Wahi's opinion was based on a one-time evaluation on April 29, 2010. Dr. Wahi's physical consultative examination did not include or consider current medical evidence. In response to Claimant's request at the hearing for an additional consultative examination, the ALJ took the request under advisement, however, the ALJ held that "there is nothing to be gained from another physical consultative examination and therefore denies the request" (Tr. at 18).

Dr. Patel's records span from April 1, 2010, to October 7, 2010. The records are relevant to the alleged time of disability beginning October 7, 2008, addressed at the August 2, 2011, hearing. Further, the evidence is material to the extent that the ALJ's decision might reasonably have been different had the new evidence been before him. In determining the severity of Claimant's impairments, the ALJ found that "there was no evidence of focal disc herniation, nerve root impingement or central spinal canal stenosis" (Tr. at 31). In Dr. Patel's treatment

notes, Claimant was diagnosed with bulging lumbar discs, lumbar radiculopathy due to nerve root irritation, intercostal nerve neuritis and left abdominal wall pain with hernia repair.

Good Cause

Claimant satisfies the element of good cause. At the administrative hearing, Claimant reported that he was awaiting additional medical records and requested a more recent physical consultative examination be administered (Tr. at 52-54). Claimant submitted the additional evidence on August 26, 2011, four days before the ALJ rendered his decision. It appears from Claimant's letter to the Appeals Counsel and from the Court's review of the ALJ's decision, that the additional evidence was not considered by the ALJ in reaching a determination in this case (Tr. at 343). The additional evidence directly pertains to the continuous treatment for Claimant's pain from back and groin medical conditions.

General Showing

Claimant satisfies the element of providing a general showing of the nature of the evidence, as he has provided copies of the new evidence (Tr. at 347-360).

Based on the above, the Court proposes the District Court find that Claimant has met the four factors identified in *Borders* and, as a result, remand to the Commissioner for the consideration of the new evidence pursuant to sentence six of 42 U.S.C. § 405 (g). The Court further proposes that the presiding District Judge need not make a substantial evidence determination on Claimant's current decision in light of the recommendation of remand pursuant to sentence six of 42 U.S.C. § 405(g).

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the District Court GRANT the Plaintiff's Motion for Judgment on the Pleadings to the extent

Claimant seeks remand on the basis of new evidence and otherwise DENY Plaintiff's Brief in Support of Judgment on the Pleadings, DENY the Defendant's Brief in Support of Defendant's Decision, REVERSE the final decision of the Commissioner, REMAND this case for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g) and place this matter on the Court's inactive docket until the post-remand proceedings are completed and the Commissioner has filed the results of such proceedings with this Court in compliance with the statutory requirements set forth in 42 U.S.C. § 405(g).

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

August 26, 2013.

_____
Dwane L. Tinsley
United States Magistrate Judge